State v. Silvers

STATE OF NORTH CAROLINA v. VERNON LEE SILVERS

No. 7525SC370

(Filed 1 October 1975)

1. **Criminal Law § 66— identification of defendant — failure to hold voir dire — no error**

    The trial court did not err in failing to conduct a *voir dire* before allowing an SBI agent to identify defendant as the person who sold him marijuana where defendant offered no objection to the agent's testimony and requested no *voir dire*.

2. **Narcotics § 4— possession of marijuana — identification of defendant — sufficiency of evidence**

    Evidence in a prosecution for possession of marijuana was sufficient to be submitted to the jury where it tended to show that defendant sold marijuana to an SBI agent who had ample opportunity to observe defendant at the time of the sale.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 18 December 1974 in Superior Court, CATAWBA County. Heard in the Court of Appeals 29 August 1975.

Defendant was charged in a bill of indictment with the felonious sale and delivery of the controlled substance marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act. The jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of five years, the last of three of which were suspended, defendant appealed.

The State's evidence tended to show that on 17 August 1973, an agent of the State Bureau of Investigation bought one ounce of marijuana from the defendant for the sum of twenty dollars at the "Someplace Else Club" in Hickory.

The defendant's evidence tended to show that on the date in question he was in Greenville, North Carolina and not at a club in Hickory. He sold no marijuana to the agent or anyone else and had never seen the agent until after his arrest.

*Attorney General Edmisten, by Associate Attorney Robert W. Kaylor, for the State.*

*Williams, Pannell, Matthews & Lovekin, by Stephen L. Lovekin, for defendant appellant.*

VAUGHN, Judge.

[1]    Defendant's contention that the trial judge should have, without request, conducted a voir dire before allowing the agent to identify defendant is without merit. Defendant offered no objection to the agent's testimony that he saw and talked with defendant for the purpose of buying drugs and that he recognized the defendant on trial as being the same man with whom he talked and who sold him an ounce of marijuana for twenty dollars on 17 August 1973.

Defendant did interpose one objection when the agent was about to tell what some unidentified person had told the agent about the possibility of buying marijuana from someone at the club. The objection may have been well taken as an objection to hearsay but does not relate to the agent's identification of defendant at trial. Both before and after the objection to which we have referred, the agent, without objection from defendant, identified defendant as being the man from whom he bought the marijuana.

[2]    Defendant's primary argument, however, seems to be not that the agent's testimony was inadmissible but that his identification of defendant is incredible and, since that identification is the only evidence to connect defendant with the crime, his motion for nonsuit should have been granted.

We do not agree with defendant's argument that State's evidence disclosing that the agent did not know defendant before the purchase, did not see him again for about six months thereafter, could not describe the clothing defendant was wearing and that the lights in the club were dim, makes his identification so inherently unreliable as to require that the agent's credibility be removed from consideration by the jury.

The agent first talked with defendant at the bar in the club. About 15 minutes later he saw defendant standing at a pinball machine and asked defendant to sell him some marijuana. They discussed the amount and the price. When the agreement was concluded, defendant pulled a plastic bag part of the way out of his pocket, and, as requested, the agent pulled it the rest of the way out and handed defendant a twenty-dollar bill. He was standing right beside defendant and was able to see clearly his face and features. The agent remained in the club and saw defendant leave about 30 minutes later. The agent followed de-

fendant outside where the lights were much brighter and saw him get in a Buick Opel automobile. About 15 minutes later he saw defendant return to the club in the same automobile. After defendant's return the agent remained in the club about 30 minutes. The lights were brighter at some places in the club than they were at others. This evidence tends to show that the agent had a reasonable opportunity to observe defendant sufficiently to permit subsequent identification. The probative force of the evidence was for the jury.

After careful consideration of the record we conclude that there was no prejudicial error in defendant's trial.

No error.

Judges MORRIS and CLARK concur.